FILED
NOVEMBER 29, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No. **07 C 6722** |
| MPI-1 DEVELOPMENT, LLC, CORNELIA JOHNSON and DONNA MORSOVILLO, | ) ) ) ) | **JUDGE ZAGEL MAGISTRATE JUDGE KEYS** |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

CINCINNATI INSURANCE COMPANY ("Cincinnati") seeks declaratory judgment and other relief against Defendants, MPI-1 DEVELOPMENT LLC, CORNELIA JOHNSON and DONNA MORSOVILLO, pursuant to 28 U.S.C. § 2201. In support of its Complaint, Cincinnati states as follows:

### NATURE OF THE ACTION

1. This Complaint requests the Court to issue a judgment pursuant to 28 U.S.C. § 2201, declaring that the policy of insurance issued by Cincinnati to Greg Greenhill Construction Company, Inc. ("Greenhill") does not require Cincinnati to defend or indemnify MPI-1 Development LLC ("MPI-1"), in connection with the lawsuits brought by Cornelia Johnson ("Johnson") and Donna Morsovillo ("Morsovillo"). This judgment is requested to determine an actual controversy between the parties regarding insurance coverage for MPI-1 in connection with the underlying lawsuits brought by Johnson and Morsovillo.

## **THE PARTIES**

2.      Plaintiff Cincinnati Insurance Company is an Ohio corporation with its principal place of business in Ohio.  Cincinnati is engaged in the business of selling insurance, including in Illinois.

3.      Defendant MPI-1 Development LLC is an Illinois corporation with its principal place of business in Willowbrook, Illinois.  Upon information and belief, the only member of MPI-1 Development LLC is MPI-1 Development Managers, Inc., a citizen of Burr Ridge, Illinois.

4.      Defendant Cornelia Johnson was at all relevant times a citizen of Illinois residing in Chicago Heights, Illinois.  Johnson is named as a defendant to this action solely because she may be a necessary party to the insurance dispute between Cincinnati and MPI-1 as a result of Johnson's underlying lawsuit against MPI-1.  Cincinnati seeks no relief from Johnson other than to bind her to the outcome of this coverage dispute.

5.      Defendant Donna Morsovillo was at all relevant times a citizen of Illinois residing in Aurora, Illinois.  Morsovillo is named as a defendant to this action solely because she may be a necessary party to the insurance dispute between Cincinnati and MPI-1 as a result of Morsovillo's underlying lawsuit against MPI-1.  Cincinnati seeks no relief from Morsovillo other than to bind her to the outcome of this coverage dispute.

## **JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 in that it arises between citizens of different states and the amount in controversy, including the combined cost of defense and indemnity in the two cases at

issue, exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### THE JOHNSON LAWSUIT AGAINST MPI-1 DEVELOPMENT LLC

8. MPI-1 has been sued by Cornelia Johnson in the suit captioned *Cornelia Johnson v. James Scott Custom Builders, et al.*, case no. 2004 L 434, pending in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois (the "Johnson lawsuit"). A true and accurate copy of Johnson's First Amended Complaint [without exhibits] is attached as Exhibit "A."

9. The Johnson lawsuit asserts bodily injury claims after Johnson tripped and fell on August 1, 2003 due to "a substantial gap and height variation where the curb met the driveway and street caused by broken and deteriorated concrete and asphalt" during a showing of new homes in the Grande Park subdivision in Plainfield, Illinois. (Exhibit A at ¶ 6).

10. The Johnson lawsuit alleges that MPI-1 is liable due to its role as developer of that subdivision. Her claims against MPI-1 were filed in or about August 2006.

11. The Johnson lawsuit seeks damages in excess of the jurisdictional limits of the court.

### THE MORSOVILLO LAWSUIT AGAINST MPI-1 DEVELOPMENT LLC

12. MPI-1 has also been sued by Donna Morsovillo in the suit captioned *Donna Morsovillo v. Northern Illinois Home Builders d/b/a Cavalcade of Homes, et al.*, case no. 2005 L 522, pending in the Circuit Court of the Twelfth Judicial Circuit, Will

County, Illinois (the "Morsovillo lawsuit"). A true and accurate copy of Morsovillo's Second Amended Complaint [without exhibits] is attached as Exhibit "B."

13. The Morsovillo lawsuit asserts bodily injury claims after Morsovillo tripped and fell on August 2, 2003 due to "a defect in the pavement" during a showing of new homes in the Grande Park subdivision in Plainfield, Illinois. (Exhibit B at ¶ 5).

14. Morsovillo fell because of "a lack of paved surface on street, which left irregularities and a drop off." (See Morsovillo's Answer to Interrogatory no. 19 as propounded by M&S Custom Homes, a true and accurate copy if which is attached hereto as Exhibit "C.") Morsovillo further explained that the defect that caused her to fall was as follows: "The street had not been finished. The surface on it touched the curing [sic] and it was rough and uneven." (See Morsovillo's Response to Notice and Demand for Bill of Particulars, no. 2, a true and accurate copy of which is attached hereto as Exhibit "D.")

15. The Morsovillo lawsuit alleges that MPI-1 is liable due to its role as developer of that subdivision. Her claims against MPI-1 were filed on or about June 2006.

16. Morsovillo seeks damages in excess of $50,000 for her past and future medical expenses, pain and suffering, loss of a normal life and other compensable damages.

**OTHER RELEVANT BACKGROUND INFORMATION**

17. In October 2002, Greenhill entered into a contract with MPI-1 to install curbing and gutters in the Grande Park subdivision in Plainfield, Illinois (the "Contract"). A true and accurate copy of the Contract is attached hereto as Exhibit "E".

4

18. The Contract did not require Greenhill to pave the street or the driveways of the homes in the Grande Park subdivision. Greenhill was to install the curb prior to any asphalt paving, which was to be performed by other contractors. Greenhill could not and did not cause any alleged gap or uneven surface between the curb and the driveway or the street

19. By late November 2002, Greenhill had completed all the work that was called for by the Contract. The MPI-1 field superintendent approved Greenhill's completed work and Greenhill was paid in full for the Contract.

20. The Contract required Greenhill to have $1 million in Comprehensive General Liability insurance, naming the entities listed in Exhibit B to that Contract as additional insureds. That Exhibit to the Contract states, in relevant part:

> The additional insureds are MPI-1 Plainfield West, LLC, MPI-1 Plainfield South, LLC, Pasquinelli Construction Co., Pasquinelli Development Group, Inc. and Moser Enterprises, Inc.

The entity seeking coverage in the Johnson and Morsovillo cases is "MPI-1 Development, LLC." The Contract does not require Greenhill to name any entity called "MPI-1 Development, LLC" as additional insured.

21. The Contract does not require Greenhill to provide umbrella liability coverage to any additional insured.

22. The Contract does not set forth a period of time for which Greenhill was to provide additional insured status, nor does it specifically require Greenhill to provide continued status as additional insured to any entity after Greenhill's work at the site was completed.

## MPI-1'S TENDER AND CINCINNATI'S RESPONSE

23. On March 29, 2007, under separate cover, MPI-1 tendered the Johnson lawsuit and the Morsovillo lawsuit to Cincinnati for defense and indemnification. This was the first notice to Cincinnati from any source of the Johnson or Morsovillo accidents or lawsuits.

24. These March 29, 2007 letters providing initial notice to Cincinnati were sent more than 3-1/2 years after the Johnson and Morsovillo accidents. They were sent 7 and 9 months, respectively, after the Johnson and Morsovillo lawsuits were filed against MPI-1.

25. MPI-1 claimed to be an additional insured under the Policy issued by Cincinnati to Greenhill, a subcontractor hired by MPI-1 to construct and install concrete curbing in the Grande Park subdivision.

26. By letters dated May 18, 2007 and May 21, 2007, Cincinnati told MPI-1 that it needed additional information to investigate coverage for MPI-1's tender of defense of the Johnson lawsuit and the Morsovillo lawsuit, respectively.

27. To date, MPI-1 has not provided Cincinnati with all of the information requested by Cincinnati in the in May 18, 2007 and May 21, 2007 letters.

## RELEVANT LANGUAGE OF THE CINCINNATI PRIMARY POLICY

28. Cincinnati issued a policy containing Commercial General Liability coverage to Greg Greenhill Construction Co., Inc., ("Greenhill"), policy no. CPP 073 18 29 (the "Primary Policy"). The Primary Policy was effective from February 23, 2003 through February 23, 2004. A true and accurate certified copy of the Primary Policy is attached as Exhibit "F."

29. The relevant portion of the Insuring agreement of the Primary Policy states as follows:

*COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

1. *Insuring Agreement*

   a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages ... to which this insurance does not apply.*

(See Exhibit F at p. 000018.)

30. MPI-1 is not named as an "insured" under the Primary Policy. However, the following provisions pertaining to who is considered an "insured" under the Primary Policy state as follows:

**SECTION II – WHO IS AN INSURED**

10. *Automatic Additional Insured – Specified Relationships*

    a. *(1) Any person or organization described in paragraph 10. a. (2) below (hereinafter referred to as additional insured) whom you are required to add as an additional insured under this Coverage Part by reason of:*

        *(a) A written contract or agreement; or*

        *(b) An oral agreement or contract where a certificate of insurance showing that person or organization as an additional insured has been issued,*

    *Is an insured, provided:*

        *(a) The written or oral contract agreement is:*

            1. *Currently in effect, or becomes effective during the policy period; and*

7

        (2)    *Executed prior to the "occurrence" or offense to which this insurance would apply . . .*

    (2)    *Only the following persons or organizations are additional insureds under this endorsement, and insurance coverage provided to such additional insureds is limited as provided herein.*

*   *   *

    (f)    *Any person or organization with which you have agreed per Paragraph 10.a.(1) above to provide insurance, but only with respect to liability arising out of "your work" performed for that additional insured by you or on your behalf. Any person or organization's status as an insured under this provision of this endorsement continues for only the period of time required by the written contract or agreement, but in no event beyond the expiration date of this Coverage Part. If there is no written contract or agreement, or if no period of time is required by the written contract or agreement, a person or organization's status as an insured under this endorsement ends when your operations for that insured are completed.*

This "additional insured" language appears in the endorsement called "Contractors Commercial General Liability Broadened Endorsement" (form GA 233 11 00), which is attached to the Policy. (See Exhibit F at p. 000052.)

    31.    The relevant Conditions of the Primary Policy pertaining to timely notice are as follows:

2.    *Duties in the Event of Occurrence, Offense, Claim or Suit*

    a.    *You must see to it that we are notified as soon as practicable of an "occurrence" or a "personal and advertising injury" offense which may result in a claim. To the extent possible, notice should include:*

        (1)    *How, when and where the "occurrence" or offense took place;*
        (2)    *The names and addresses of any injured persons or witnesses; and*
        (3)    *The nature and location of any injury or damage arising out of the "occurrence" or offense.*

 b. *If a claim is made or "suit" is brought against any insured, you must:*

  *(1) Immediately record the specifics of the claim or "suit" and the date received; and*

  *(2) Notify us as soon as practicable.*

 *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

 c. *You and any other involved insured must:*

  *(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

  *(2) Authorize us to obtain records and other information;*

  *(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit", and*

  *(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

(See Exhibit F at p. 000024.)

 32. Several definitions contained in the Primary Policy are relevant to this insurance dispute. They provide as follows:

 14. a. *"Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:*

  *(1) Products that are still in your physical possession; or*

  *(2) Work that has not yet been completed or abandoned.*

  b. *"Your work" will be deemed completed at the earliest of the following times:*

  *(1) When all of the work called for in your contract has been completed.*

  *(2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.*

> *(3)   When the part of the work done at a job site has been put to all of its intended use by any person or organization other than another contractor or subcontractor working on the same project.*
>
> *Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.*

* * *

17. *"Your work" means:*

   a. *Work or operations performed by you or on your behalf; and*
   b. *Materials, parts or equipment furnished in connection with such work or operations.*

(See Exhibit F at pp. 000028-29.)

### RELEVANT LANGUAGE OF THE UMBRELLA POLICY

33.   Cincinnati also issued a Commercial Umbrella Liability policy to Greg Greenhill Construction Co., Inc., ("Greenhill"), policy no. CCC 448 50 58 (the "Umbrella Policy"). The Umbrella Policy was effective from February 23, 2003 through February 23, 2004. A true and accurate copy of the Umbrella Policy is attached as Exhibit "G."

34.   The relevant insuring agreement of the Umbrella Policy states as follows:

*A. Insuring Agreement*

   a. *We will pay on behalf of the insured the "ultimate net loss" which the insured is legally obligated to pay as damages in excess of the "underlying insurance" or for an "occurrence" covered by this policy which is either excluded or not covered by "underlying insurance" because of:*

   1. *"Bodily injury" or "property damage" covered by this policy occurring during the policy period and caused by an "occurrence"; or*
   2. *"Personal injury" or "advertising injury" covered by this policy committed during the policy period and caused by an "occurrence".*

(See Exhibit G at p. 000067.)

35. MPI-1 is not named as an "insured" under the Umbrella Policy. However, the Umbrella Policy contains the following language regarding who may be considered an "insured" under the Umbrella Policy:

**SECTION II - WHO IS AN INSURED**

2. Each of the following is also an insured:

   b. Any person, organization, trustee or estate with respect to which you are obligated by written contract to provide insurance such as is afforded by this policy, but only with respect to operations by or on behalf of you or property owned or used by you.

(See Exhibit G at p. 000072.)

36. Certain Conditions under the Umbrella Policy are relevant to this coverage dispute. They include the following:

6. Duties In The Event of Occurrence, Claim or Suit

   a. You must see to it that we are notified as soon as practicable of an "occurrence" which may result in a claim or "suit". To the extent possible, notice should include:

      (1) How, when and where the "occurrence" took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence".

   This requirement applies only when the "occurrence" is known to:

      (1) You, if you are an individual;

      (2) A partner, if you are a partnership;

      (3) A member, if you are a joint venture; or

      (4) A member or manager, if you are a limited liability company; or

      (5) An "executive officer" or insurance manager, if you are an organization other than a partnership, joint venture or limited liability company.

   b. If a claim is made or "suit" is brought against any insured that is likely to involve this policy, you must:

11

      (1)    *Immediately record the specifics of the claim or "suit" and the date received; and*

      (2)    *Notify us as soon as practicable.*

*This requirement will not be considered breached unless the breach occurs after such claim or "suit" is known to:*

      (1)    *You, if you are an individual;*

      (2)    *A partner, if you are a partnership;*

      (3)    *A member, if you are a joint venture;*

      (4)    *A member or manager, if you are a limited liability company; or*

      (5)    *An "executive officer" or insurance manager if you are an organization other than a partnership, joint venture or limited liability company.*

   c.    *You and any other involved insured must:*

      (1)    *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

      (2)    *Authorize us to obtain records and other information;*

      (3)    *Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and*

      (4)    *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

                    \*    \*    \*

11.    Other Insurance

*The insurance provided by this policy is excess over any other valid and collectible insurance, other than insurance written specifically to be excess over this insurance, and shall not be contributory.*

(See Exhibit G at pp. 000074-75.)

      37.    The following Definition contained in the Umbrella Policy is relevant to this coverage dispute:

> 16. "Underlying insurance" means the policies of insurance listed in the Schedule of Underlying Policies and the insurance available to the insured under all other insurance policies applicable to the "occurrence". "Underlying insurance" also includes any type of self-insurance or alternative method by which the insured arranges for funding of legal liabilities that affords coverage that this policy covers.

(See Exhibit G at p. 000079.)

## COUNT I
## THERE IS NO COVERAGE FOR MPI-1 UNDER THE PRIMARY POLICY

38. Cincinnati repeats and realleges paragraphs 1 through 37 above as though fully repeated herein as paragraph 39.

39. Cincinnati has no obligation under the Primary Policy to defend, indemnify or reimburse MPI-1 in connection with the underlying lawsuits for one or more of the following reasons:

    a. MPI-1 does not qualify as an additional insured under the Primary Policy because the Contract does not require additional insured status for MPI-1.

    b. Greenhill's work for MPI-1 was completed long before Johnson and Morsovillo sustained their injuries, and the Contract was no longer in effect. As a result, any status of MPI-1 as an additional insured under the Primary Policy had ended by the time Johnson and Morsovillo were injured.

    c. MPI-1 failed to provide timely notice to Cincinnati of the Johnson or Morsovillo accidents or their lawsuits, which violated a condition precedent to coverage for those suits.

    d. The claims against MPI-1 in the Johnson and Morsovillo lawsuits did not arise from the work of Greenhill as required for coverage for MPI-1 as

purported additional insured under the Primary Policy.

WHEREFORE, Plaintiff, CINCINNATI INSURANCE COMPANY, requests a judgment pursuant to 28 U.S.C. § 2201 against Defendants, MPI-1 DEVELOPMENT LLC, CORNELIA JOHNSON and DONNA MORSOVILLO, declaring the following, and requests a judgment awarding the following additional relief:

A.   That Cincinnati has no obligation under the Primary Policy to defend, indemnify, or reimburse MPI-1 DEVELOPMENT with respect to the underlying lawsuits by Johnson and Morsovillo;

B.   That Cincinnati is entitled to all costs and attorneys' fees; and

C.   For such other relief allowed in law and equity that the Court deems appropriate and just.

## COUNT II
## THERE IS NO COVERAGE FOR MPI-1 UNDER THE UMBRELLA POLICY

40.   Cincinnati repeats and realleges paragraphs 1 through 37 above as though fully repeated herein as paragraph 40.

41.   Cincinnati has no obligation under the Umbrella Policy to defend, indemnify or reimburse MPI-1 in connection with the underlying lawsuits for one or more of the following reasons:

a.   MPI-1 does not qualify as an additional insured under the Umbrella Policy because the Contract does not require additional insured status for MPI-1.

b.   MPI-1 is not entitled to coverage under the Umbrella Policy because the Contract did not require Greenhill to provide umbrella coverage for any additional insured.

c.   MPI-1 failed to provide timely notice to Cincinnati of the Johnson or

        Morsovillo accidents or their lawsuits, which violated a condition precedent to coverage for those suits.

d.    The claims against MPI-1 in the Johnson and Morsovillo lawsuits did not arise from the work of Greenhill as required for coverage for MPI-1 as purported additional insured under the Umbrella Policy.

e.    Any coverage for MPI-1 under the Umbrella Policy is excess to all other valid and collectible insurance available to MPI-1 for the Johnson and/or Morsovillo accidents, Cincinnati owes no duties or coverage to MPI-1 under the Umbrella Policy, unless and until all such other insurance is exhausted.

WHEREFORE, Plaintiff, CINCINNATI INSURANCE COMPANY, requests a judgment pursuant to 28 U.S.C. § 2201 against Defendants, MPI-1 DEVELOPMENT LLC, CORNELIA JOHNSON and DONNA MORSOVILLO, declaring the following, and requests a judgment awarding the following additional relief:

A.    That Cincinnati has no obligation under the Umbrella Policy to defend, indemnify, or reimburse MPI-1 DEVELOPMENT with respect to the underlying lawsuits by Johnson and Morsovillo;

B.    That Cincinnati is entitled to all costs and attorneys' fees; and

C.    For such other relief allowed in law and equity that the Court deems appropriate and just.

CINCINNATI INSURANCE COMPANY

/S/ Hope G. Nightingale
By One of Its Attorneys

Hope G. Nightingale (ARDC # 6184864)
Kathleen L. Bianco (ARDC # 6283357)
LITCHFIELD CAVO
303 West Madison Street, Suite 300
Chicago, IL  60606
(312) 781-6614 (Nightingale)
(312) 781-6621 (Bianco)
(312) 781-6630 Fax